## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 98-40614
### Summary Calendar

_____

JEFFREY CAMACHO,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-97-CV-352)

_____

October 18, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Jeffrey Camacho appeals, based on the district court's certificate of appealability, the denial of his federal habeas corpus petition. Following the enactment of AEDPA, this court may reverse only if the state court's denial of relief resulted in a decision that was contrary to, or involved in an unreasonable application of federal law; or depended upon an unreasonable determination of the facts by the state courts. 28 U.S.C. § 2254(d). Camacho asserts that his procedural due process rights

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were violated in the course of the Texas Parole revocation process. Finding no clear misapplication of federal law under the exacting standards now applicable, we affirm.

The Texas Board of Pardons and Paroles released Camacho on parole on April 19, 1995. Only three months later, the Board issued a warrant for his arrest on six charges of parole violations. Camacho pled true to five of those violations, and the Board revoked his parole on December 5, 1995.

Camacho contends that he was denied due process because "the state parole authorities, after issuing a 'final disposition' to continue his earlier parole, later issued a purported second 'final disposition' revoking that parole, based solely on a new charge which came to light after the initial 'final disposition.'" We conclude, however, that the state courts did not plainly misconstrue federal law in rejecting Camacho's habeas petition. The procedural rights offered Camacho were essentially in accord with Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593 (1972). Camacho chose to waive the specific Morrissey protections and to admit his guilt to five of the six charges. The only remaining question was the extent of penalty he would receive. There is no dispute that the least penalty he expected was custody in an Intermediate Secure Facility, which represented a continued loss of liberty. Whether Camacho suffered ISF incarceration or prison confinement pursuant to actual parole revocation is immaterial for procedural due process purposes, as a prisoner has no due process rights to a specific custody classification. Sondin v. Connor, 515

2

U.S. 472, 115 S.Ct. 2293 (1995). Moreover, the impact of the then-pending child custody charges on his parole revocation is either speculative or a matter of harmless error. By admitting parole violations, Camacho subjected himself to whatever punishment the Board of Pardons and Paroles chose to impose; their flip-flop on the level of continued custody, in and of itself, raises only an issue of Texas and not federal constitutional law.

The Board's procedures accorded to Camacho did not unreasonably conflict with <u>Morrissey</u>. The judgment of the district court is <u>AFFIRMED</u>.